

FILED
U.S. District Court
District of Kansas

FEB 23 2024

Clerk, U.S. District Court
By_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case Number:   23-CR-10077-03-JWB |
| **TANNER SAGER,** | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Reopen Detention Hearing and for Reconsideration of Detention pursuant to 18 U.S.C. § 3142(f)(2).  Doc. 45.  The Government appeared by and through Debra Barnett, Assistant United States Attorney.  Defendant appeared in person and through counsel, Mark Sevart.

### 1.   REOPENING OF DETENTION HEARING

A detention hearing may be reopened if "information exists that was not known by the movant at the time of the hearing and that has a material bearing on the issue" of detention.  18 U.S.C. § 3142(f)(2).  The Government objects to reopening the detention hearing arguing no new information has been presented and that the information that has been presented does not have a material bearing on the issue of detention.  Doc. 47.  The Court disagrees.

The Court finds that the standard under 18 U.S.C. § 3142(f)(2) has been met.  Here, Defendant has been accepted into a "faith based sober living program" in Scott City, Kansas, wherein he would attend church and participate in multiple 12 step meetings each week.  While in the program, Defendant would reside at the sober living facility, also in Scott City, Kansas.  Because this information was not known at the time of the first detention hearing and because it may have a material bearing on the issue of release, the Court **GRANTS** Defendant's motion to reopen the

detention hearing.

## 2. RECONSIDERATION OF PRIOR ORDER OF DETENTION

The Government objected to the Defendant's motion for reconsideration of the Court's prior order of detention. Defendant argued that he has attended programming while incarcerated, is sober, and has been accepted into a sober living program in Scott City, Kansas. Defendant argued that releasing him to this program, with the condition that he would reside at the sober living facility, was a condition the Court could put in place that would assure the safety of any other person and the community as well as ensure his appearance going forward. The Court disagrees.

Here, there is a rebuttal presumption of detention under 18 U.S.C. § 3142(e)(3)(1). While Defendant offered evidence to rebut the presumption, after considering the presumption and other factors set forth in 18 U.S.C. § 3142(g), the Court finds detention is warranted.

While the Court commends Defendant on his sobriety, the Court does not find that this outweighs the other factors set forth in 18 U.S.C. 3142(g) that weigh in favor of detention, notably the nature and circumstances of the alleged offense involving four counts of distribution of Fentanyl and the sale of a gun to an undercover agent, which carry substantial penalties, the weight of the evidence against the Defendant being strong, Defendant's criminal history, prior failures to appear, prior parole violations, committing new crimes while on parole, as well as the potential danger to the community should Defendant be released and engage in similar criminal activity.

Further, the Defendant previously considered Defendant's request for substance abuse treatment at his prior detention hearing and found that it was not a condition the Court could put in place that would assure the safety of the community and others as well as his appearance going forward. While this request is slightly different, given that placement in a facility has been secured, for the reasons stated on the record, the Court does not find that this is a condition it can put in place to assure Defendant's appearance and safety of other people and the community.

Consequently, the Court finds that the Government has proven by clear and convincing evidence that there are no conditions or combination of conditions of release that will reasonably assure the safety of any other person and the community and has proven by a preponderance of the evidence there are no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.  Defendant's motion to reconsider the Court's prior order of detention is **DENIED.**

**IT IS THEREFORE ORDERED** that Defendant's motion to reopen the detention hearing is GRANTED.  The Defendant's motion to reconsider the prior order of detention tion is **DENIED**.  Defendant shall remain in custody pending his final trial.

_____
BROOKS G. SEVERSON, U. S. Magistrate Judge